UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Kevin D. Hall</u>

   v.                                          Civil No. 08-cv-351-JL

<u>State of New Hampshire</u>

**REPORT AND RECOMMENDATION**

    Pro se petitioner Kevin Hall has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his New Hampshire state court sentence (document no. 1). The petition is before me for preliminary review. <u>See</u> Rule 4 of the Rules Governing § 2254 Proceedings ("Habeas Rules") (requiring initial review to determine whether the petition is facially valid); <u>see</u> <u>also</u> United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing the magistrate judge to preliminarily review pro se pleadings). For the reasons discussed herein, I recommend that this petition be dismissed as untimely.

<u>Standard of Review</u>

    Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the

magistrate judge is directed to conduct a preliminary review. LR 4.3(d)(2). In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true. See id. This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

Hall is presently incarcerated in a New York prison serving a sentence unrelated to the sentence challenged here. Here, Hall

alleges that in December of 1992, he was arrested for an offense arising out of his purchase of a stolen necklace. Hall, who alleges that he was unaware that the necklace was stolen when he purchased it, had a jury trial in the matter which resulted in a mistrial as the jury could not reach a unanimous verdict. The matter was scheduled for a retrial. Hall, due to the hardship that a second trial would cause him, opted to plead guilty to the offense charged. Upon his guilty plea, Hall received a sentence that included two years of probation, a $500 fine, and a deferred state prison sentence of 3 ½ – 7 years. The deferral period imposed was five years, at which time the sentence was to be imposed if Hall did not affirmatively move to suspend the sentence and demonstrate that he had complied with the conditions of deferral. Eleven months after he was sentenced, the state sought to impose the deferred sentence. Hall appeared for a hearing on the matter and the sentence was imposed. Hall served the entire seven years of the sentence.

After Hall was released from that sentence, he came to believe that his sentence had been illegally imposed. Hall filed motions in the trial court seeking relief from the conviction and already-served sentence on the grounds that: (1) his right not to

be subjected to double jeopardy was violated by the rescheduled trial proceedings after a mistrial, (2) his guilty plea was not knowing, intelligent, and voluntary, and (3) his due process rights were violated by the imposition of his deferred sentence after only eleven months of the deferral period had run.  The trial court denied Hall relief and the New Hampshire Supreme Court declined to accept Hall's appeal of the matter.  This petition followed.

## Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244 et seq. (2000), which became effective on April 24, 1996, sets a one-year limitations period for the filing of federal habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1).  AEDPA's one-year limit runs from the time that the state court judgment of conviction became final by the conclusion of direct review, or the expiration of the time for seeking direct review.  28 U.S.C. § 2244(d)(1)(A). Petitioners challenging convictions obtained after the AEDPA's effective date are subject to the requirements and limitations of that statute.  Petitions challenging convictions obtained prior

to AEDPA's effective date, as may be the case here[1], were permitted to file their petitions within one year of AEDPA's effective date.  David v. Hall, 318 F.3d 343, 344 (1st Cir. 2003) (citing Gaskins v. Duval, 183 F.3d 8, 9 (1st Cir. 1999)).

Statutory exceptions to the one-year limitations period exist where an untimely filing was caused by: (1) the State, (2) new constitutional rights created by the Supreme Court, or (3) newly discovered facts underpinning the claim.  David, 318 F.3d at 344; 28 U.S.C. § 2244(d)(1)(B)-(D).  The AEDPA also excludes from the one-year limitations period "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ."  28 U.S.C. § 2244(d)(2).  Additionally, the First Circuit has stated that equitable tolling of the AEDPA's limitations period might be available, but "only for the most exceptional reasons."  David, 318 F.3d at 346.

Here, Hall challenges a conviction that became final, at the very latest, more than seven years ago.  Hall also admits that he did not file any application for state post-conviction relief

---

[1] Hall does not state the year upon which he was ultimately convicted and sentenced in this matter.  However, the indictment charging him issued in 1993, so it is a reasonable inference to make that the conviction may have occurred prior to 1996.

during the seven years after his conviction and sentence were imposed, as he asserts that he first filed after he had served his maximum seven year sentence. It does not appear on the face of the petition, or from any inference that might reasonably be drawn from the petition, that any of the other potential exceptions to the statute of limitations applies here. Accordingly, I find that the petition was not timely filed, and I recommend that it be dismissed on that basis.

## Conclusion

Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:   November 20, 2008

cc:     Kevin D. Hall, pro se